UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                        Case No. 05-81957-WRS
                                                                             Chapter 13
BRENDA H. McMANUS,

      Debtor

BRENDA H. McMANUS,

      Plaintiff                                  Adv. Pro. No. 08-8014-WRS

  v.

DISCOVER BANK and
ENCORE RECEIVABLE
MANAGEMENT INC., et al,

      Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion to dismiss filed by Defendant Encore Receivable Management, Inc. (Doc. 35). For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

## I. Facts

This Adversary Proceeding was begun on June 16, 2008, when the plaintiff filed her initial complaint, alleging that Discover Bank had attempted to collect a debt in violation of the automatic stay. (Doc. 1). The Court conducted a scheduling conference on August 26, 2008, where it established a discovery completion date of February 27, 2009, and final pretrial conference for March 10, 2009. In addition, the Scheduling Order provided that the Pleadings

were to be amended not later than February 27, 2009. (Doc. 8). The record indicates that the Plaintiff diligently pursued discovery and learned that she needed to join an additional party.

On January 30, 2009, the Plaintiff filed an Amended Complaint, adding and additional Defendant "Encore Collection Agency." (Doc. 16). The Plaintiff later learned that the correct name for this new party in interest was in fact "Encore Receivable Management, Inc." On June 25, 2009, the Plaintiff served the Second Amended Complaint and a Summons upon Defendant Encore Receivable Management, Inc. (Doc. 34). The Second Amended Complaint differs from the original complaint in that it now properly names Encore Receivable Management, Inc., (Encore) and that it adds a count for violation of the Fair Debt Collection Practices Act. However, the Plaintiff did not move to Amend her complaint, nor did she move to extend the deadline for amending the pleadings which had been established in the Court's September 2, 2008 Scheduling Order. Moreover, the Plaintiff does not distinguish, in the title to her complaints, between the two amended complaints. The Court will refer to the complaint filed on January 30, 2009, as the First Amended Complaint (Doc. 16) and the complaint filed on June 15, 2009, as the Second Amended Complaint. (Doc. 31). The Plaintiff and Encore have filed briefs. (Docs. 36, 39). The Court heard argument from counsel at a hearing held September 1, 2009.

## II. LAW

This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. § 1334. Counts I and II of the complaint, which allege violations of the automatic stay, are core proceedings. 28 U.S.C. § 157(b)(2)(G). Count III of the complaint alleges a violation of the Fair Debt Collection Practices Act which is a non-core proceeding. See, Carn v. Medical Data

Systems, Inc. (In re Cambron), 2007 WL 1076685, at *3 (Bankr. M.D. Ala. Apr. 5, 2007) (noting that "Fair Debt Collection Practices Act claims do not depend on a bankruptcy filing for their existence, [and] are not core proceedings").

As Counts I and II of the Second Amended Complaint are core proceedings, and as an order denying a motion to dismiss is not final, this Court's order denying the motion to dismiss relating to Counts I and II need not be referred to the District Court. As to Count III, as it is a non-core proceeding and as the Bankruptcy Court is recommending dismissal, the undersigned Bankruptcy Judge makes proposed findings of fact and conclusions of law in accordance with provisions of 28 U.S.C. § 157(c)(1) and directs the Clerk of the Bankruptcy Court to file the same with the District Court. By way of a separate order, a schedule for the filing of objections is established pursuant to Rule 9033, FED. R. BANKR. P.

### A. Encore's Motion to Dismiss based upon Rule 4(m), which calls for service of process within 120 days of the filing of the complaint.

Defendant Encore Receivable Management, Inc., (Encore), moves to be dismissed as a party to this adversary proceeding alleging that the summons and complaint were not served within 120 days as called for by Bankruptcy Rule 7004, which incorporates Rule 4(m), Fed. R. Civ. P. That rule provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that serve be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Case 08-08014    Doc 41    Filed 09/28/09    Entered 09/28/09 11:56:20    Desc Main
Document      Page 3 of 8

Encore argues that it should be dismissed because the original complaint was filed on June 17, 2008, and that Encore was not served, with the Second Amended Complaint, until June 25, 2009, more than a year later. Encore overlooks the fact that it was not named as a party until the Plaintiff filed her Second Amended Complaint on June 15, 2009. (Doc. 31). In other words, Encore seeks to count the 120-day period provided in Rule 4(m) from the date of the initial complaint filed in this adversary proceeding, even though it was not named as a party until the complaint filed on June 21, 2009. As Encore was served within 10 days of the filing of the Amended Complaint where it was first named as a defendant, service comports with the requirements of Rule 4(m).[1] Admittedly, Rule 4(m) is not as clear as it might be, as it refers only to "complaint," failing to distinguish between the initial complaint and any subsequently amended complaints, where a new defendant is first named. To be sure, a plaintiff may not restart the 120-day clock through the expediency of filing an amended complaint, however, if the 120-period were to run from the initial complaint, as argued by Encore, a new defendant could never be added after 120 days from the filing of the first complaint. Rule 4(m) does not require this. See, Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1148 (10th Cir. 2006)(holding that 120-day period of Rule 4(m) runs from the date of the first amended complaint naming a new party).

While Encore casts its argument in terms of Rule 4(m), its argument that the Plaintiff has been sloppy in her procedural maneuvering is not without merit. The First Amended Complaint,

---

[1] A First Amended Complaint, naming "Encore Collection Agency," was filed on January 30, 2009. (Doc. 16). As stated by Encore's counsel, that complaint did not properly name Defendant Encore Receivable Management, Inc., and it was not served on Encore. The 120-day period does not run from the date of the First Amended Complaint.

-4-

which was filed within the time frame for amending pleadings set out in the Court's Scheduling Order, names "Encore Collection Agency." When the Plaintiff later learned that Encore's correct name was "Encore Receivable Management, Inc.," she promptly filed another Amended Complaint on June 15, 2009, which was well beyond the February 27, 2009 deadline which was established in the Scheduling Order. (Doc. 8). She did not move the Court for relief from the Scheduling Order, nor did she move to amend her pleading in accordance with Bankruptcy Rule 7015(a). The Court may properly consider dismissal of the Second Amended Complaint, not because it violates Rule 4(m), but because it was served in violation of the Court's Scheduling Order. See, Rule 16(d), Fed. R. Civ. P.

The Court notes that the Plaintiff diligently pursued discovery from Defendant Discover Bank and that when she learned of Encore's involvement, she attempted to timely amend her complaint to add Encore. Encore does not dispute that it was timely served with a summons and complaint shortly after the Second Amended Complaint was filed. Having considered the argument of counsel at the September 1, 2009 hearing and having considered its record, the Court finds that there is good cause to amend and that the Scheduling Order is amended to permit the filing and service of the Second Amended Complaint. (Doc. 31). For these reasons, the motion to dismissed filed by Encore, is DENIED, to the extent it relies upon Rule 4(m).

### B. Encore's Motion to Dismiss Count III based upon the Statute of Limitations

Encore moves, in the alternative, to dismiss Count III of the Second Amended Complaint on the grounds that it is barred by the one-year statute of limitations provided in the Fair Debt

Collection Practices Act. 15 U.S.C. § 1692k(d). The Plaintiff alleges in her Second Amended Complaint that a number of acts were done, all of which occurred during the month of March, 2007, which gave rise to a violation of the Act. The initial complaint in this adversary proceeding was filed June 17, 2008, which is more than one year after the acts complained of.[2] The Court will grant, by way of a separate order, Encore's motion to dismiss, insofar as it relates to Count III of the Second Amended Complaint.

### III. CONCLUSION

Defendant Encore's motion to dismiss, insofar as it is predicated on Rule 4(m), Fed. R. Civ. P., is DENIED, for the reasons set forth above. By way of a separate order, this Court will file a Report and Recommendation with the District Court that Defendant Encore's motion to dismiss Count III of the Complaint be GRANTED as the statute of limitations has run. The Court will enter separate orders in accordance with Bankruptcy Rule 7052 as to the Rule 4(m) matter and a separate Report and Recommendation, in accordance with Rule 9033, as to the statute of limitations issue regarding Count III of the complaint.

Done this 28th day of September, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles M. Ingrum Jr., Attorney for Plaintiff
   Rita H. Dixon, Attorney for Discover Bank
   Charles N. Parnell, Attorney for Encore Receivable

---

[2] The Court recognizes that there is an issue as to whether the "relation back" rules are applicable here. However, under the scenario most favorable to the Plaintiff, that is even if relation back to the date of the earliest complaint is allowed under the "relation back" rules, even the original complaint is barred by the statute of limitations. Thus, for purpose of this decision, the Court assumes, without deciding, that relation back is allowed and that Count III of the complaint should nevertheless be dismissed.